# THE UTAH NATIONAL BANK, a Corporation, Respondent *v.* J. B. FORBES, Appellant.

Payment by Surety — Subrogation — Accounting — Action against Assignee — Pleading — Sufficiency of Complaint — General Demurrer.

1. *Payment by Surety—Subrogation.*

W., with P. and H. as sureties, executed a note to respondent bank; and afterwards made a general assignment to F. for the benefit of creditors, placing the note to the bank in the second class. F. paid a portion of the note and refused to pay more although he had sufficient funds to cancel the obligation. Respondent made a demand on the sureties and P. paid a portion of the balance on the note. Respondent finally placed the note in judgment against W., P. and H. and P. paid the judgment, taking an assignment in his own name. This action had already been commenced, and after P. took the assignment he continued to prosecute the action in the name of the original parties. *Held,* That by the assignment P. was subrogated to the rights of the respondent bank.

2. *Accounting —Action against Assignee—Pleading—Sufficiency of Complaint—General Demurrer.*

When an assignee, having sufficient funds in his hands, refuses to pay a preferred claim, he renders himself liable to an action for an accounting and to enforce payment; and a complaint alleging the material facts is invulnerable on general demurrer.

(Decided October 17, 1898.)

Appeal from the Third District Court Salt Lake County, Hon. Ogden Hiles, *Judge.*

18 Utah—15

Action by the bank on behalf of itself and all other creditors of W. and beneficiaries of the trust fund against Forbes as assignee to compel him to perform his trust and render an account. From a judgment for plaintiff defendant appeals. *Affirmed.*

*T. Ellis-Browne, Esq.*, for appellant.

The special demurrer should have been sustained. The amended complaint alleges that Powers and Hoge were merely sureties on the note.

The judgment rendered in the commissioner's court shows that it was a joint one against all of the defendants. Wells, the assignor, should have been made a party to the suit, so that the rights of all the parties to the action could have been determined. It is a well settled principle that courts of equity aim to do complete justice to all parties interested in the subject matter of the suit. *McPherson* v. *Parker*, 30 Cal., 458; *Wilson* v. *Castro*, 31 Cal., 421, 427; Pomeroy's Eq. Jur., Vol. I, Secs. 242-3; Hawes Parties to Actions, Sec. 18, p. 48.

The deed of assignment shows that the bank was a preferred creditor for the sum of $660 and no more.

An assignee is bound unquestionably by the terms and conditions of the deed of assignment. A certain sum has to be reserved by him to pay the amounts due as specified in the various classes, and he has no right to reserve or set aside more than the amount of the preferred debts expressly mentioned. The most that the trust funds can be charged with is the amount due at the date of assignment. Burrill on Assignments, p. 641, Sec. 403, and notes; *Thomas* v. *Western Car Co.*, 149 U. S. 117; *White* v. *Knox*, 111 U. S. 784; *New York Security & Trust Co.* v. *Lombard Investment Co.*, 73 Fed. Rep.

537; *Chemical National Bank* v. *Armstrong*, 59 Fed. 379, and cases cited. *In re. Murray*, 6 Paige, 204; Bishop on Insolvent Debtors, Sec. 401, p. 379.

Sec. 3451 C. L. Utah, 1888, was not complied with. The surety cannot avail himself of the instrument on which he is surety by its payment. By payment it is discharged; it ceases to exist, and the payment will not even in equity be considered as an assignment; the surety merely becomes the creditor of his principal to the amount paid by him. Harris' Law of Subrogation, Sec. 164, p. 125; *Foster* v. *Trustees,* 3 Ala. p. 311; *Presslar* v. *Stallworth*, 37 Ala. p. 405.

*Messrs. Powers, Straup & Lippman*, for respondents.

An assignment for the benefit of creditors does not suspend the creditor's right to maintain an action at any time in the proper court for the recovery by a personal judgment against the assignor for the amount due. *Lawrence* v. *McVeagh*, 106 Ind. 210.

All there is to this case is, shall the assignee be required to perform his trust as conferred on him by the deed of assignment and under which he gets his authority to act at all, or shall he be permitted to ignore it and pay off only such claims and only such amounts as he pleases.

There is no contention as to the validity or regularity of the assignment, or as to the *bona fides* of the debt and claim in question; or as to the assignee having in his possession sufficient funds with which to pay his claim; or of the demand made on him and his refusal.

All this is conceded by appellant. But because Powers, a surety on the note, paid it off and was subrogated to the rights of the bank, the assignee refuses to pay and thereby will add a little more to a bountiful harvest of commissions and attorney's fees, usually reaped in this kind of cases.

Bartch, J.

This action was brought by the plaintiff in behalf of itself, and all other creditors of one F. E. Wells, and beneficiaries of a trust fund, against the defendant, who was the assignee of Wells, to compel him to perform his trust, render an account, and pay the plaintiff a certain claim which it had against said Wells, and which was preferred in a deed of assignment, from Wells to the defendant, for the benefit of the creditors of the assignor.

The material facts appearing from the record are substantially that, on September 28, 1893, F. E. Wells, O. W: Powers and E. D. Hoge, executed and delivered to the plaintiff bank a promissory note for the sum of $660, payable in four months from date with interest, and attorney's fee; that Powers and Hoge, although appearing on the face of the note as principles, were in fact only sureties; that afterwárds Wells made an assignment of all his property to the defendant in trust for the benefit of his creditors; that, in the deed of assignment, the claim of the bank, evidenced by the note, was placed in the second class of preferred claims, there being three classes; that, by the terms of the deed, the defendant, as assignee, was authorized and directed to pay the plaintiff's claim out of the trust funds; that the assignee, out of the proceeds which came into his hands under the assignment, paid all the preferred claims except the one in question herein, upon which he paid but $391, and, upon demand made therefor, after the note was due, refused to pay the balance of the claim, although there were sufficient funds in his hands to pay the same; that thereupon the bank also demanded payment of the sureties, and received from one of them, O. W. Powers, the sum of $140, part payment of the balance due on the note; that thereafter,

in July, 1894, the plaintiff having brought suit in a commissioner's court, obtained judgment against Wells, Powers and Hoge, for $242.75, being the balance still due on the note, including interest, costs and an attorney's fee; that such judgment was transferred and entered of record in the office of the clerk of the district court; that on May 23, 1895, the debt still remaining unpaid, and the assignee refusing to pay, one of the sureties, O. W. Powers, paid the judgment amounting with interest and costs, to $264.17; that Powers then obtained an assignment of the judgment and claim from the bank to himself, the bank having, in the meantime, commenced this action against the assignee; and that by the assignment Powers succeeded to all the rights and interest of the bank in the judgment and debt. After the assignment the suit was continued to be prosecuted in the names of the original parties.

Under these facts the appellant, among other things, insists that the court erred in finding, and holding that, by the assignment of the judgment to Powers by the bank, Powers succeeded to and acquired all the rights and interest of the bank in the judgment and debt, and in the debt and claim preferred in the deed of assignment, and was subrogated to the rights of the bank therein, and in its stead. We perceive no error in this finding. The evidence clearly shows that Powers was merely a surety on the note, and received no benefits because of its execution and delivery, the same being given to evidence the indebtedness of Wells who borrowed the money. Upon the failure of the principal to pay the note, Powers, as surety, paid $140, thereon, the assignee paid $391, and refused to pay the balance, although he had trust funds in his hands sufficient to pay it. Thereupon Powers, after suit brought against the princi-

pal and sureties, and judgment obtained against them, paid that judgment, the assignee refusing to do so. The claim from which the judgment resulted was preferred in the deed of assignment, and ought to have been paid by the assignee. When the bank was refused payment of the balance due on the note, it had the right to sue the principal and sureties without making the assignee a party, and the judgment obtained was binding upon the assignee of the principal, because the claim was preferred in the assignment, and the assignee had sufficient funds in his hands to pay it. Then when payment was refused, the bank had the right to bring this action against the assignee to enforce payment of the judgment by him, and Powers, being a surety and having paid the judgment and taken an assignment thereof, from the bank to him, after suit brought succeeded to the interest of the bank in the judgment or claim, and had the right to be subrogated to the rights of the bank therein.

Nor is the objection by general demurrer to complaint well taken. This action was not brought to recover on a judgment, but for an accounting and to enforce payment of the judgment or debt of the assignee. The refusal to pay was the thing which gave rise to the cause of action. The judgment was merely incidental thereto. If the suit in the commissioner's court had never been brought, nor the judgment obtained, there would still have been a subsisting obligation on the part of the assignee to pay the preferred claim, and upon his refusal to do so, he would doubtless have been liable to an action for an accounting and to enforce payment. Such is precisely the object of this action, and without referring specially to the allegations of the complaint, it is clear that the facts alleged constitute a cause of action against the assignee, which renders the pleading invulnerable by general demurrer,

whatever might be the result upon special plea, if one had been made. The allegation in the complaint, as to the judgment, did not make the judgment the gravamen of the action, nor change the true character of the action. From these considerations it is apparent that the demurrer was properly overruled. We think however the court erred in computing the amount which it ordered the assignee to pay to Powers in satisfaction of the claim.

The amount found due was $178.33, but it appears from the record that no interest was allowed on $138, the difference between $140, the sum which Powers paid on the note at about the time of the assignment by Wells, and $278, the sum which the former owed the latter about that time. Powers having been allowed interest on the credit side, ought also have been charged with interest on the debit side of the account. The interest on $138, at 8 per cent. from March 21, 1894, the date of the assignment, to January 31, 1898, the date of trial, amounts to $42.63. Subtracting this sum from $178.33, there remains $135.70, the sum due Powers, in addition to the costs allowed by the decree.

It is not deemed important to discuss the other questions presented in the record. The cause must be remanded, with directions, to the court below, to modify the findings and decree in accordance with this opinion, and with such modification the judgment will be affirmed.

The costs may be taxed against the appellant. It is so ordered.

ZANE, C. J. and MINER, J., concur.